UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY LEE JENT,

    Petitioner,

v.                                       CAUSE NO. 3:19-CV-1017-DRL-MGG

WARDEN,

    Respondent.

## OPINION & ORDER

Randy Lee Jent, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 19-07-0040) where a Disciplinary Hearing Officer (DHO) found him guilty of "interfering with count" in violation of Indiana Department of Correction (IDOC) offense B-251. ECF 7 at 1. As a result, he was sanctioned with a loss of 30 days earned credit time and loss of privileges. *Id.*

Mr. Jent filed his habeas corpus petition on December 6, 2019. Because Mr. Jent's release is expected in the near future (his earliest possible release date is reported by the Indiana Department of Correction as April 23, 2020), his petition was briefed on an expedited basis. The Warden responded on February 24, 2020. ECF 23. Mr. Jent has not filed a traverse—he indicates this is because he has been unable to spend enough time in the law library to do so. ECF 31. Because of Mr. Jent's projected release date and because the traverse would not alter the outcome of Mr. Jent's petition, there is no reason to delay a ruling.

As an initial matter, Mr. Jent has filed numerous motions seeking discovery. ECF 8-9; ECF 11-16; ECF 20; ECF 27. He seeks audio and video recordings from various times on November 20, 2019 through November 27, 2019. ECF 8. He seeks officer logbooks for those same days. He wants to pose interrogatories to or depose Sergeant Koen and Sergeant Meyer. ECF 11; ECF 15. He seeks

segments of audio and video footage from August 24, 2019, August 26, 2019, December 21, 2019, December 27, 2019, and February 17, 2020, ECF 12-14; ECF 27. He seeks all of his prison records, all statements and reports concerning the incident leading to the conduct report at issue, records and reports about events occurring on other dates, all his medical records, and all policies regarding the procedures for count. ECF 16; ECF 20.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct discovery," but a "party requesting discovery must provide reasons for the request." Section 2254 Habeas Corpus Rule 6. Most of these requests are not relevant to the question before the court—whether his due process rights were violated during the administrative proceedings related to the charge in ISP 19-07-0040. *See Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007). To the extent that his requests are relevant, the information has been submitted as part of the administrative record. After reviewing the motions and the habeas petition, the court finds that Mr. Jent has not shown good cause for the discovery requested outside the administrative record.

Moving on to Mr. Jent's petition, the Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decisionmaker; (3) an opportunity to call witnesses and present documents in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the factfinder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Mr. Jent's petition includes five separate grounds for relief. ECF 7 at 2-4. He alleges that the DHO was biased against him, that the *ex post facto* clause of the Constitution was violated, that the

2

charge was the result of a vindictive use of power, that the charge was brought in retaliation for engaged in protected activity, and that his punishment was excessive.

In ground one of his petition, Mr. Jent argues that the DHO assigned to his case was not impartial because he has previously named her as a defendant in a civil action. ECF 7 at 2. Because he has sued her and she was aware of the lawsuit he brought against her, Mr. Jent believes that it was inappropriate for her to be assigned to review the evidence and conduct his hearing.

In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.* Even where a staff member has been sued by the inmate, they are not necessarily disqualified from serving as a DHO for a charge against the inmate that has sued them. *Wilson-El v. Finnan*, 263 Fed. Appx. 503, 505-06 (7th Cir. 2008) (citations omitted). "[T]o do so would not only heavily tax the working capacity of the prison staff, it would provide an incentive for inmates to file lawsuits against prison officials." *Id.* Instead, the court should consider the "circumstances involved in the lawsuits and determine whether disqualification is required." *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983).

Here, Mr. Jent sued Lieutenant St. Martin because she presided over a different disciplinary proceeding. *Jent v. Williams*, No. 3:19-CV-046-JD-MGG (N.D. Ind. Dec. 18, 2019). When the case was screened, Lieutenant St. Martin was dismissed. While she may have been aware of the lawsuit, it required no involvement on her part. Just as hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding," *Piggie*, 342 F.3d at 666, Lieutenant St. Martin should not be deemed biased here merely because Mr. Jent has alleged that she was biased

3

in another disciplinary proceeding in a federal lawsuit, particularly when she was not called to answer to that charge. Mr. Jent has not demonstrated that Lieutenant St. Martin was biased against him, so he cannot prevail on this ground.

In ground two, Mr. Jent argues that his rights pursuant to the *ex post facto* clause of the Constitution were violated by vague rules and inconsistent procedures. He asserts that, from day to day, the procedure for lockdown changes depending on which officer is in charge. On the day in question, he does not recall any notification given that it was count time until he saw the officer locking cells. He tried to secure himself when he became aware that it was count time, but Sergeant Koen had already locked his cell so that he could not enter. An *ex post facto* law is a law that retroactively changes the consequences of an action. Here, the code of conduct that prohibited interfering with count was in effect before Mr. Jent was charged with the offense. Thus, although framed in terms of the *ex post facto* clause, Mr. Jent's argument is more accurately construed as an argument that there was insufficient evidence to find him guilty or that his guilt should have been excused because expectations were not clearly communicated.

Regarding the sufficiency of the evidence, in the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt.

4

> It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report charged Mr. Jent as follows:

> On 7-3-2019 at 10am I Sergeant D. Koen rang the bell and announced time to secure over the PA system. While securing my range Offender Jent, Randy DOC 170896 cell number 126 came down the stairs from upstairs and did not secure in his cell until 10:20 a.m. this action interfered with my count.

ECF 23-1. Mr. Jent was subsequently charged and found guilty of interfering with count in violation of IDOC B-251, which prohibits "[f]ailing to stand count, being late for count, or interfering with the taking of the count." ECF 23-12 at 9. Mr. Jent asked for a statement from Officer Nally and camera footage of the area. ECF 23-2. The DHO obtained a statement from Officer Nally, but he indicated that he had no knowledge of the incident. The DHO reviewed the video evidence and provided Mr. Jent with a summary but determined that, for security reasons, he could not view it. ECF 23-5. According to the summary, the video shows Mr. Jent leaving the area of cell A522 at 10:08. No staff was in the area until after he left. He then enters his cell (A126) at 10:15. ECF 23-5. Mr. Jent also requested a lay advocate, and that request was granted. ECF 23-2; ECF 23-3.

At the hearing, Mr. Jent stated that there was no bell or alert that it was time for count. ECF 23-4. He also provided a written statement. ECF 23-7. Following the hearing, Mr. Jent was found guilty on the basis of staff reports, Mr. Jent's statement, the witness statement, the shift report, and the video evidence. ECF 23-4.

The DHO had sufficient evidence to find Mr. Jent guilty of this offense. The Conduct Report alone contained sufficient information to find Mr. Jent guilty. It was not arbitrary for the DHO to conclude that Mr. Jent interfered with count in violation of Offense B251 when both Sgt. Koen's statement and the video evidence support the charge. While Mr. Jent offered justification for his

behavior, the DHO was not required to credit his version of events. *McPherson*, 188 F.3d at 786 (court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence").

In ground three, Mr. Jent argues that he was subjected to cruel and unusual punishment and an abuse of power when Sergeant Koen went out of his way to lock Mr. Jent's cell so that he could not secure within a reasonable time. In ground five, he argues that his First Amendment rights were violated by the charging officer because he had previously filed grievances. "[P]risoners are entitled to be free from arbitrary actions of prison officials." *McPherson*, 188 F.3d at 787. However, Mr. Jent has not demonstrated that the charging officer was motivated by vindictive or retaliatory animus. Nevertheless, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *Id.* In other words, the protections to which Mr. Jent was entitled are the protections afforded by *Wolff*, and any possible claim that he may have that the charge was fraudulent or false does not itself entitle him to federal habeas corpus relief. Mr. Jent has not argued that he was denied proper notice, that he was denied evidence, or that he was denied a written statement by the factfinder of evidence relied on and the reasons for the disciplinary action. Nor could he—he was provided sufficient notice. ECF 23-2; ECF 23-4. He received the evidence he requested to the extent that it was consistent with the need for institutional safety. ECF 23-2; ECF 23-5; ECF 23-6. And, the DHO included a statement of reasons supporting her determination that Mr. Jent was guilty as charged. ECF 23-4. The only other *Wolff* right has already been addressed: Mr. Jent did not demonstrate that the DHO was biased against him. Furthermore, the charge was supported by some evidence. Therefore, grounds three and five of Mr. Jent's petition do not state a basis for relief.

Finally, in ground four, Mr. Jent argues that his punishment was excessive for the alleged offense. Mr. Jent's sanction fell within the guidelines of the Disciplinary Code for Adult Offenders.

The maximum allowable loss of earned credit time for a class B offense is three months. ECF 23-13 at 38. Mr. Jent was sanctioned with a loss of only thirty days. ECF 23-4. Thus, this ground also does not provided a basis for granting habeas relief.

If Mr. Jent wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because, pursuant to 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES Randy Lee Jent's requests for discovery (ECF 8-9; ECF 11-16; ECF 20; ECF 27);

(2) DENIES Randy Lee Jent's petition for writ of habeas corpus (ECF 7); and

(3) DIRECTS the clerk to close the case.

SO ORDERED.

March 20, 2020                          *s/ Damon R. Leichty*
                                                       Judge, United States District Court